UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LOUIS ELIE, JR., ET AL.                          CIVIL ACTION

VERSUS                                           NO. 19-13924

AMERON INTERNATIONAL                             SECTION "R" (1)
CORPORATION, ET AL.

## ORDER AND REASONS

Before the Court is plaintiff's motion to remand this matter to state court.[1]  Because there are multiple bases of federal jurisdiction, the Court denies the motion.

## I.    BACKGROUND

Plaintiff, Louis Elie, Jr., worked as a laborer from 1967 to 1974 at the Louisiana Army Ammunition Plant.[2]  While at LAAP, Elie worked for Sperry Rand Corporation building TNT explosives and maintaining various machines, including boilers and furnaces.[3]  Elie alleges that while working at LAAP, he was exposed to asbestos.[4]  Elie was later employed as an iron

---

[1]    R. Doc. 9.
[2]    *See* R. Doc. 1-1 at 5-6 ¶ 8.
[3]    *See id.*
[4]    *See id.*

worker at International Paper Company, where he alleges he was also exposed to injurious levels of asbestos.[5]  Elie was diagnosed with lung cancer, and passed away.[6]

Elie sued various defendants in state court, alleging their negligence exposed him to asbestos, which in turn caused his cancer.[7]  Elie also alleges that certain defendants are strictly liable.[8]  Unisys Corporation, the successor in interest to Sperry Rand Corporation, removed this action to federal court.[9] Elie now moves to remand the action to state court.[10]

## II.  DISCUSSION

### A.  Federal Enclave Jurisdiction

The United States Constitution provides that the United States has the power to exercise "authority over all places purchased . . . for the erection of forts, magazines, arsenals, dockyards, and other needful buildings."  U.S. Const., Art. I, § 8, cl. 17.  The United States acquired the land used for LAAP by eminent domain.[11]  In 1942, United States District Court for the Western

---

[5]  *See id.*

[6]  *See id.* at 7 ¶ 13; R. Doc. 49 at 1 ¶ 1.

[7]  *See generally* R. Doc. 1-1.

[8]  *See id.* at 11-13 ¶¶ 20-25.

[9]  R. Doc. 1.

[10]  R. Doc. 9.

[11]  *See* R. Doc. 45-2.

District of Louisiana affirmed the United States' taking of the land used for LAAP, finding it was taken for military purposes and to aid the national defense.[12]

Federal courts can have jurisdiction over tort claims arising on federal lands under what is known as federal enclave jurisdiction. *See Mater v. Holley*, 200 F.2d 123, 124 (5th Cir. 1952); *see also Kelly v. Lockheed Martin*, 25 F. Supp. 2d 1, 3 (D.P.R. 1998). In order for federal enclave jurisdiction to exist, the head of the department or agency that acquires the land must accept jurisdiction on behalf of the federal government by filing a notice of acceptance of jurisdiction with the governor of the state, or in "another manner prescribed by the laws of the State where the land is situated." 40 U.S.C. § 3112. *See also Adams v. United States*, 319 U.S. 312, 313 (1943) (holding that Louisiana state law allows the government to accept jurisdiction over federal lands it has acquired, but that the federal government must do so in the manner prescribed by the predecessor statute to 40 U.S.C. § 3112).

Here, plaintiff argues that Unisys has not carried its burden to demonstrate federal enclave jurisdiction because it has not shown that the federal government gave notice to the Louisiana governor of its acceptance

---

[12]     *See id.* at 2.

of jurisdiction over LAAP.  But Unisys has provided documentation demonstrating that that the federal government did accept jurisdiction. Unisys provides evidence from the Department of Agriculture that the federal government accepted jurisdiction over LAAP in 1942.[13]   It also provides a letter from the Secretary of War to the governor of Louisiana stating that the United States accepts "exclusive jurisdiction over all lands acquired by it for military purposes within the State of Louisiana, and over which exclusive jurisdiction has not heretofore been obtained."[14]   Indeed, this letter is dispositive of the issue.  The letter from the Secretary of War accepted jurisdiction in 1943 over LAAP, even if a separate letter accepting jurisdiction had not been previously filed.  Because the federal government accepted federal jurisdiction pursuant to 40 U.S.C. § 3112, federal enclave jurisdiction exists, and Unisys properly removed this matter to federal court.

## B.    Federal Officer Jurisdiction

Unisys also argues that the Court has jurisdiction under the Federal Officer Removal Statute.  That statute allows removal by the "United States or any agency thereof or any officer (or any person acting under that officer) of the United States or any agency thereof, in an official or individual

---

[13]    R. Doc. 45-6 at 36.
[14]    R. Doc. 45-14.

capacity, for or relating to any act under color of such office . . . ."  28 U.S.C. § 1442(a)(1).  To remove an action under Section 1442(a), a defendant must show:

> (1) it has asserted a colorable federal defense, (2) it is a 'person' within the meaning of the statute, (3) that has acted pursuant to a federal officer's directions, and (4) the charged conduct is connected or associated with an act pursuant to a federal officer's directions.

*Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir. 2020).  The Federal Officer Removal Statute "must be liberally construed."  *Watson v. Phillip Morris Cos.*, 551 U.S. 142, 147 (2007).  Here, the parties do not dispute that Sperry Rand, Unisys's predecessor in interest, was a "person" for the purposes of the removal statute.  The Court examines the remaining factors in turn.

    1.    *Colorable Federal Defense*

The bar for what constitutes a "colorable" defense is not high.  "[A]n asserted federal defense is colorable unless it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or 'wholly insubstantial and frivolous.'"  *Latiolais*, 951 F.3d at 297 (quoting *Zeringue v. Crane Co.*, 846 F.3d 785, 790 (5th Cir. 2017)); *see also Willingham v. Morgan*, 395 U.S. 402, 407 (1969) (a person acting under a federal officer is not required to "win his case before he can have it removed").

Unisys asserts five federal defenses.  Only one must be colorable to confer jurisdiction.  Here, the Court focuses on the same federal defense as the one at issue in *Latiolais*:  the federal contractor defense outlined in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988).  Under *Boyle*, federal contractors are not liable if:

> (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States.

*Boyle*, 487 U.S. at 512.

Unisys provides a colorable argument with respect to all three prongs of the *Boyle* test.  First, Unisys argues that some of the equipment that plaintiff contends exposed him to asbestos had in fact been installed by the government before Sperry Rand was hired, and it has provided some evidence to this effect.[15]  Unisys plausibly argues that the government necessarily approved the specifications for the equipment since the government installed the equipment itself.

Second, Unisys has a colorable argument that the equipment conformed to the government's specifications. It argues that the government

---

[15]   R. Doc. 45-15 at 28 (written and historical data of LAAP, detailing its construction with asbestos).

installed certain asbestos-containing equipment at LAAP before Sperry Rand took over the plant, so that the equipment necessarily conformed to the government's specifications. Notably, plaintiff does not contest this factor in his motion to remand.

Finally, with respect to the third factor, Unisys need show only that the government knew at least as much about the dangers of asbestos as it did. *See Zeringue*, 846 F.3d at 791; *see also Leite v. Crane Co.*, 749 F.3d 1117, 1124 (9th Cir. 2014) (holding that a defendant satisfies the third factor because it "makes a colorable showing that the Navy at all times knew at least as much about asbestos hazards as the equipment manufacturers"). Unisys offers deposition testimony of Dr. Richard Lemen, a retired Assistant Surgeon General of the United States, who testified that the U.S. Public Health Service collected and reviewed scientific literature on the dangers of asbestos beginning in the 1930s.[16] This evidence suggests that the United States knew at least as much as defendant about the hazards of asbestos at the time that plaintiff alleges he was exposed to the substance. Defendant has presented a colorable argument as to the third *Boyle* factor.

Because Unisys has presented colorable arguments as to all three *Boyle* factors, it has a colorable federal defense. The Court emphasizes that it does

---

[16]     R. Doc. 45-18.

7

not decide the merits of Unisys's government contractor defense, but finds only that the defense is colorable for Section 1442 removal purposes.  The Court need not address the other federal defenses Unisys asserts.

    2.   *Acting Pursuant to a Federal Officer's Direction*

In order for a party to act pursuant to a federal officer's direction, a private contractor need only help the government produce an item that the government needs or perform a job that, "in the absence of a contract with a private firm, the Government itself would have had to perform." *Watson*, 551 U.S. at 153-54; *see also Wilde v. Huntington Ingalls, Inc.*, 616 F. App'x 710, 713 (5th Cir. 2015) (holding a defendant acted pursuant to a federal officer's direction when it built ships the government would otherwise have had to build itself).  Importantly, "[d]irect oversight of the specific acts that give rise to a plaintiff's complaint is not required to satisfy this part of § 1442." *Zeringue*, 846 F.3d at 792.

Here, plaintiff's complaint acknowledges that LAAP was used to build, prepare, and transport TNT explosives.[17]  Unisys has also filed exhibits demonstrating that LAAP was used to produce munitions for the United States Army in various wars.[18]  In the absence of a contract with a private

---

[17]    R. Doc. 1-1 at 5-6 ¶ 8.

[18]    *See* R. Doc. 45-15 at 3 (written historical and descriptive data of the LAAP).

firm like Unisys, the federal government would have had to manufacture those munitions had the contractor not done so. Therefore, Unisys was acting pursuant to a federal officer's direction.

3.  *Charged Conduct Connected to a Federal Officer's Directions*

Finally, the charged conduct must at least be associated with or connected to an act pursuant to a federal officer's directions. Plaintiff argues in its motion to remand that Unisys cannot meet a "causal nexus" standard, as described in *Bartel v. Alcoa S.S. Co.*, 805 F.3d 169, 172 (5th Cir. 2015), and its progeny. But *Bartel* and its progeny were overruled by *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286 (5th Cir. 2020). In *Latiolais*, the Fifth Circuit held that the 2011 amendment of the Federal Officer Removal Statute broadened removal to "actions, not just *causally* connected but alternatively *connected* or *associated*, with acts under color of federal office." *Latiolais* at 292. The Fifth Circuit noted that this change was a result of Congress's adding the phrase "or relating to" to the statute, so that it now authorizes a party acting under an officer of the United States to remove when the case is "for or relating to any act under color of such office." *Id.*; 28 U.S.C. § 1442(a)(1). Moreover, it held that such a connection could be found even when strict liability is not alleged against the defendant. *Id.*

Here, *Latiolais* is instructive.  In *Latiolais*, the Fifth Circuit found the "connection" requirement met when (1) the plaintiff alleged that the defendant failed to warn him of the dangers of asbestos; (2) the alleged negligence was connected to the installation of asbestos in the refurbishment of a ship; and (3) the refurbishment was performed by the defendant pursuant to the directions of the U.S. Navy. *Latiolais* at 296.  Likewise, here (1) Elie alleges that defendant failed to warn him of the dangers of asbestos;[19] (2) the alleged negligence is connected to plaintiff's work at LAAP, including repairing and maintaining asbestos-containing equipment;[20] and (3) that work was performed by the defendant pursuant to the directions of the U.S. Army.[21]  The "connection" requirement is therefore met here.

This Court therefore also has jurisdiction over this matter pursuant to the Federal Officer Removal Statute.  Because this Court has found adequate bases for jurisdiction, it does not reach defendant's remaining arguments in support of jurisdiction.

---

[19]    *See* R. Doc. 1-1 at 8-9 ¶ 16.
[20]    *See id.* at 5-6 ¶ 8.
[21]    *See id; see also* R. Doc. 45-15 at 3 (written historical and descriptive data of the LAAP).

## III.   CONCLUSION

For the foregoing reasons, plaintiff's motion to remand this matter to state court is DENIED.

New Orleans, Louisiana, this __20th__ day of May, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE